Flavio DEKAJ, Flora Dekaj, Kristiana Dekaj, Lin Dekaj, Marjan Dekaj, Petitioners,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, By its Director of the New York District, Alberto R. GONZALES, Attorney General of the United States of America, Respondents.

Nos. 05–6435–ag (L); 05–6438–ag (con); 05–6441–ag (con); 05–6452–ag (con); 05–6457–ag (con).

United States Court of Appeals, Second Circuit.

March 13, 2007.

Nicholas J. Mundy, Kuba, Mundy & Associates, New York, New York, for Petitioners.

David R. Dugas, United States Attorney for the Middle District of Louisiana, Helina S. Dayries, Assistant United States Attorney, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioners Flavio, Flora, Kristiana, Lin, and Marjan Dekaj, natives and citizens of Albania, seek review of a November 2, 2005 order of the BIA affirming the August 25, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying Lin Dekaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dekaj,* Nos. A95–370–433, A78–458–783, A78–458–784, A95–370–434, A95–370–435 (B.I.A. Feb. 24, 2006), *aff'g* Nos. A95–370–433, A78–458–783, A78–458–784, A95–370–434, A95–370–435 (Immig. Ct. N.Y. City

Aug. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief decision that fully adopts the IJ's decision, we review the IJ's decision directly. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Legal questions, and application of law to fact, are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Even assuming Dekaj's experiences under the Communist regime amounted to past persecution, the IJ reasonably found that any resulting presumption of a well-founded fear had been overcome, in light of the fundamental changes in Albania following the fall of Communism. *See* 8 C.F.R. § 1208.13(b)(1). Therefore, it was reasonable for the IJ to focus more on the post–1990 portion of his testimony and moreover, to question the credibility of that testimony. Lin wrote in his asylum application that he was not affiliated with or sympathetic to the Democratic Party, and the most serious incident of personal harm he described was an

incident in January 1997 where "armed civilians" raided his house and stole valuables after pushing him to the floor at gunpoint. His wife's application contained a nearly identical statement. His testimony could reasonably be viewed as attempting to backtrack from these statements because: (1) although he still admitted he was not a Democratic Party member, he insisted the government targeted him because he had a "democratic spirit"; (2) he claimed his house was raided in January 1998, by "armed people in state uniform and state vehicle"; and (3) he was unable to explain the discrepancies between his testimony and the two written statements.

The IJ's classification of his testimony as evasive warrants significant deference, *see Zhou Yun Zhang*, 386 F.3d at 73, and the discrepancies are material because they go toward whether he was, in fact, targeted by the state on account of his political opinion. As the IJ noted, the evidence in the record suggests the raid may have taken place during a time of general chaos, when the government was searching everywhere for stolen weapons; while the raid on Dekaj's home may have been deplorable, his testimony failed to establish that it was conducted on account of any political opinion he may have held. Moreover, the background evidence did not indicate that any fear of future persecution was objectively reasonable, in light of current conditions in Albania. According to the State Department reports, while Albania continues to have a high level of violent crime, there were "no indications of systemic political persecution" or evidence of repression or violence against government opponents. Under these circumstances, the IJ reasonably concluded that Dekaj failed to meet the burden for asylum, and necessarily failed to meet the higher burden for withholding. Finally, because Dekaj failed to meaningfully argue his CAT claim in his brief to this Court, that claim is deemed waived. *See Yueqing*

*Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).